**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 29, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60613
Summary Calendar

_____

MOHAMMAD YASIN; ZEHRA YASIN;
OMER M. YASIN; OSMAN M. YASIN,

                                    Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                    Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A78 587 106
         A78 587 107
         A78 587 108
         A78 587 109
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

     Mohammad Yasin, Zehra Yasin, Omer M. Yasin, and Osman M.
Yasin petition for review of an order of the Board of Immigration
Appeals (BIA) affirming the immigration judge's (IJ's) decision
to deny their application for asylum and withholding of removal
under the Immigration and Nationality Act (INA) and their claim
for withholding of removal under the Convention Against Torture
(CAT).  The Yasins argue that they are entitled to asylum and

--------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of removal because they will be subjected to persecution and torture based on Mohammad Yasin's political beliefs if they are returned to Pakistan.

We do not have jurisdiction to review the IJ's discretionary determination that the Yasins' asylum application was untimely. See 8 U.S.C. § 1158(a)(3). The Yasins' petition for review is thus DISMISSED as to the claims concerning asylum.

We will uphold the factual finding that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Where, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

To be eligible for withholding of removal under the INA, an alien must demonstrate a clear probability of persecution upon return. Id. at 306. To be eligible for withholding of removal under the CAT, an alien must demonstrate a likelihood of torture upon return. Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). The IJ's decision that the Yasins had failed to demonstrate clear probability of persecution or a likelihood of torture upon their return to Pakistan is supported by substantial evidence. Accordingly, the Yasins' petition for review is DENIED as to their claims for withholding of removal under both the INA and the CAT.

The Yasins argue further that their case did not meet the BIA's requirements for issuance of an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Because the decision of the IJ was correct and does not raise any substantial factual or legal questions on appeal, the decision met the criteria for a summary affirmance pursuant to 8 C.F.R. § 1003.1(4).

PETITION DISMISSED IN PART AND DENIED IN PART.